# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

MICHAEL ANTONELLI
Reg. # 04053-164                                                                                               PLAINTIFF

V.                                      2:08CV00065 SWW

MARK TIPTON, *et al.*                                                                                         DEFENDANTS

## **ORDER**

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge H. David Young and Plaintiff's objections. After carefully considering Plaintiff's objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted.[1]

IT IS THEREFORE ORDERED that this action is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED THIS 18TH DAY OF JULY, 2008.

/s/Susan Webber Wright
UNITED   STATES   DISTRICT   JUDGE

---

[1] The Court adopts the recommended disposition with the following acknowledgment, which does nothing to affect the Court's determination that Plaintiff fails to state a claim for which relief can be granted. The recommended disposition contains language suggesting that Plaintiff must allege actual injury in order to state a retaliation claim under 42 U.S.C. § 1983. *See e.g*, docket entry #6, at 7(recommending dismissal of retaliation claims based on the absence of sufficient adverse action and the lack of actual injury). However, injury to the constitutional right to seek redress of grievances, which is inherent in a finding of retaliation, eliminates the need to show injury that is independent of retaliatory conduct. *See Dixon v. Brown,* 38 F.3d 379, 379 (8th Cir. 1994)(citations omitted). What is required, in addition to alleging a chronology of events from which retaliation for protected activity may be inferred, is a showing that the defendant took adverse action against the plaintiff that would chill a person of ordinary firmness from engaging in the alleged protected activity. *See Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir. 2007).